#### IN THE

## SUPERIOR COURT OF JUDICATURE.

#### FOR THE

### COUNTY OF STRAFFORD, JANUARY TERM,

### A. D. 1830.

---

### JOSIAH DREW *versus* AMOS MULIKIN.

Parties cannot in any case enter into a rule of reference before a justice of the peace, who is named as a referee in the same rule.

IN this case a report of referees was made to this court at August term, 1829, under a rule of reference entered into before a justice. The report being in favor of Mulikin, Drew objected to the acceptance of the report, on the ground that the rule of reference was acknowledged before one of the referees.

*Boardman,* for the plaintiff.

*Dearborn,* for the defendant.

*By the court.* The objection made to this report has always been held to be a fatal objection in Massachusetts on the ground that a referee should not, by any act of his own in another capacity, give himself jurisdiction in a cause, which he is to hear and determine. 1 Mass. Rep. 158, *Drew* v. *Canady* ; 7 Mass. Rep. 73—74.

20

<div style="margin-left:2em">Drew
*v.*
Mulikin.</div>

The case of *A. McMurphy* v. *W. White*, in this court, Rockingham, February Term, 1809, was a writ of error brought to reverse a judgment rendered by a justice of the peace upon a report of referees made in pursuance of a rule made by the justice under the statute. The error assigned was that the justice who rendered the judgment was one of the referees, and for this cause the judgment was reversed.

And we think the law must now be considered as settled, that a rule of reference cannot in any case be legally made before a justice of the peace who is one of the referees named in the same rule.

<div style="text-align:right">*Report rejected.*</div>